UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK BANKS,

                        Petition,
              -against-

UNITED STATES OF AMERICA;
ENVIRONMENTAL PROTECTION AGENCY;
ALL UNITED NATIONS MEMBER COUNTRIES;
CENTRAL INTELLIGENCE AGENCY; U.S.
MARSHALS SERVICE; WARDEN,

                        Respondent.

19-CV-8829 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Frederick Banks, currently incarcerated at the Allegheny County Jail in Pittsburgh,

Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2241. Petitioner seeks to proceed as

"next friend" to climate activist Greta Thunberg, and he names the Central Intelligence Agency,

all United Nations member countries, and others as Respondents. Petitioner asks this Court to

order that "Respondent USA reenter the Paris Climate" accord.

In light of Petitioner's history of filing vexatious, frivolous, and nonmeritorious litigation

in this Court, including petitions purporting to be on behalf of Bernie Madoff, "El Chapo"

Guzman and others, Petitioner has been ordered to show cause why he should not be barred from

filing any action *in forma pauperis* (IFP) in this Court, on behalf of himself or others, without

first obtaining leave of court, *Banks v. United States*, ECF 1:19-CV-8302, 2 (S.D.N.Y. Sept. 24,

2019).[1]

---

[1] Petitioner is already barred under 28 U.S.C. § 1915(g) from filing civil actions IFP.
*Banks v. Tibco*, ECF 1:14-CV-5270, 4 (S.D.N.Y. Oct. 15, 2014) (noting Petitioner Banks's
litigation history and that he is barred under § 1915(g)). A § 2241 petition is not the proper
vehicle for this action, and it appears that Petitioner styles this action as a *habeas* petition in an
effort to evade the § 1915(g) bar.

Petitioner paid the $5.00 filing fee for this action. The Court denies the motion for the reasons set forth below.

## STANDARD OF REVIEW

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Frederick Banks is currently incarcerated in the Allegheny County Jail. He brings this action, styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking to proceed as "next friend" to climate activist Greta Thunberg. Petitioner names the United States, the Central Intelligence Agency, all United Nations member countries, and others as Respondents. Petitioner asks this Court to order that "Respondent USA reenter the Paris Climate" accord.

## DISCUSSION

Petitioner Banks has a history of filing actions on behalf of others without their permission, either by using the "next friend" device or by naming another individual as a co-plaintiff without that individual's authorization. *See Banks v. Warden*, ECF 1:19-CV-1526, 2 (S.D.N.Y. Mar. 18, 2019) (filed petition on behalf of detainees at MDC Brooklyn); *Banks v. Warden*, ECF 1:18-CV-11539, 2 (S.D.N.Y. Dec. 14, 2018) (filed petition on behalf of El Chapo Guzman); *Banks v. Named Warden, Orange Cnty. Jail*, ECF 1:16-CV-0563, 3 (S.D.N.Y. Mar. 30, 2016) (filed petition on behalf of Angelika Graswald); *Banks v. NYPD*, ECF 1:14-CV-10300, 5

(S.D.N.Y. Mar. 13, 2015) (filed complaint naming Kenneth Posner as a co-plaintiff without his authorization); *Banks v. United States*, ECF 1:14-CV-7574, 5 (S.D.N.Y. Oct. 31, 2014) (filed petition on behalf of Bernie Madoff).

The Hon. Loretta A. Preska barred Petitioner Banks from filing any future submissions on behalf of Bernie Madoff, *see Banks*, ECF 1:14-CV-7574, 5, and has warned Petitioner Banks that the continued filing of frivolous or meritless lawsuits on behalf of himself or others would result in an order barring him, under 28 U.S.C. § 1651, from filing any new action in this Court without prior permission, *see Banks v. Named Warden, Orange Cnty. Jail*, ECF 1:16-CV-0563, 3 (S.D.N.Y. Mar. 30, 2016).

In *Banks v. United States*, No. 19-CV-8302, 2 (CM) (S.D.N.Y. Sept. 24, 2019), the Court directed Banks to show cause why he should not be barred from filing any action *in forma pauperis* in this Court, on behalf of himself or others, without first obtaining leave of court. Petitioner gave this petition to prison officials for mailing on September 13, 2019, before the Court issued its order to show cause.

Petitioner lacks standing to bring an action on behalf of the climate activist who he seeks to represent. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) ("The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court."). This action is a continuation of Petitioner's pattern of vexatious, frivolous, and nonmeritorious litigation in this Court. The Court therefore dismisses this action for lack of standing and as frivolous.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Petitioner Banks, and note service on the docket. The petition is dismissed for lack of standing and as frivolous.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 7, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge